IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDALL HEISEY, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 1:CV-01-1259 |
| GR FILMS, INC., et al., | : |
| | : (Honorable Yvette Kane) |
| Defendants. | : |



FILED
FEB 1 1 2002
PER_____
HARRISBURG, PA  DEPUTY CLERK

**DEFENDANTS' BRIEF IN RESPONSE TO
PLAINTIFF'S JANUARY 29, 2002 SUBMISSION**

Defendants respectfully submit this brief in response to plaintiff's January 29, 2002 submission to the Court ("plaintiff's submission").

The Court's January 14, 2002 Memorandum and accompanying Order required plaintiff to file one or more of the following documents within fifteen days:

1. a brief in support of plaintiff's motion for remand;

2. a motion to file an amended complaint, with a brief in support thereof and a proposed amended complaint; or

3. a brief in opposition to defendants' motion to dismiss.

Memorandum at 3. The Order further stated, "[f]ailure to file the required document(s) will result in automatic dismissal of this case."

Plaintiff's submission, even viewed under the most liberal standards, fails to meet the Court's mandate. Plaintiff expressly declined to file a motion for leave to amend his complaint (plaintiff's submission at 9). Plaintiff also failed to file a brief in opposition to defendants' motion to dismiss. Although the first paragraph of the submission is entitled "Brief in

Opposition to Motion to Dismiss," it does not address any of the grounds asserted by defendants for dismissing the complaint. This section, containing fewer than 70 words, simply requests that the Court deny defendants' motion to dismiss and "affirm" his motion to remand. Consequently, defendants' motion to dismiss the complaint with prejudice should be granted because plaintiff has failed to oppose it.

The second section of plaintiff's submission, entitled "Brief of Motion for Remand," fails to address the legal basis for defendants' removal of this matter from the Court of Common Pleas of Dauphin County. Indeed, plaintiff has never disputed the dispositive facts establishing this Court's jurisdiction, as stated in defendants' Notice of Removal. Since this matter concerns citizens of different states with an amount in controversy exceeding $75,000, this Court has original jurisdiction of the case pursuant to 28 U.S.C. § 1332, and the case was properly removed to this Court pursuant to 28 U.S.C. § 1441(a). Moreover, a copy of defendants' Notice of Removal was promptly filed with the Prothonotary of the Court of Common Pleas of Dauphin County and served on the plaintiff, as required by 28 U.S.C. § 1446.

Plaintiff has failed to present any cognizable reason why this case should not be dismissed or why it should be remanded to the Dauphin County Court of Common Pleas. Instead, plaintiff spins an unsubstantiated, and completely untrue, tale of imagined ethical violations by defense counsel, which he claims are somehow connected to an international conspiracy against him. Plaintiff has presented no factual or legal basis for maintaining this action or remanding it to state court.

For all of the foregoing reasons, as well as those set forth in Defendants' Motion to Dismiss Complaint and defendants' Notice of Removal, defendants respectfully request that the

Court deny plaintiff's request to remand. Defendants also respectfully request the Court to enter an Order dismissing the complaint with prejudice.

Respectfully submitted,

Dated: February 7, 2002

*Joyce S. Meyers*
Joyce S. Meyers
Attorney Identification No. 33037

Montgomery, McCracken,
 Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of Defendants' Brief in Response to Plaintiff's January 29, 2002 Submission was served, via certified and first class mail, postage pre-paid, upon plaintiff addressed as follows:

>Randall Heisey
>2339 Rudy Road
>Harrisburg, PA 17104

Dated: February 7, 2002

*Joyce S. Meyers*
Joyce S. Meyers