IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDALL HEISEY,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GR FILMS, INC., GAYLEN ROSS,<br>KURTIS PRODUCTIONS, LTD.,<br>A&E TELEVISION NETWORKS,<br>ABC, INC., GENERAL ELECTRIC<br>COMPANY, INC., THE HEARST<br>CORPORATION, THE WALT DISNEY<br>COMPANY and MONA DAVIS,<br>　　　　Defendants | CIVIL ACTION NO. 1:CV-01-1259<br><br>(Judge Kane)<br><br>FILED<br>HARRISBURG<br><br>MAR - 5 2002<br><br>MARY E. D'ANDREA, CLERK<br>Per_____<br>　　　DEPUTY CLERK |

## MEMORANDUM

The procedural history of this action is as follows: Defendants removed this case from the Dauphin County Court of Common Pleas and, on July 10, 2001, filed a motion to dismiss the complaint. Plaintiff, proceeding pro se, filed a document with this Court on August 8, 2001, docketed by the Clerk of Court as a letter. In his letter, the Plaintiff asserted that this claim should be remanded to the Dauphin County Court of Common Pleas. Because the Court reads pro se pleadings liberally,[1] the Court construed this letter as a motion for remand. See Aug. 29, 2001 Order.

On August 29, 2001, this Court issued an Order directing Plaintiff to file a brief in support of his motion to remand and a brief in opposition to the pending motion to dismiss, and requiring that Plaintiff adhere to the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Pennsylvania in all regards. In response, on September 4, 2001, Plaintiff filed a letter of explanation, a statement in support of the worthiness of his suit and a motion to

---

[1] See Boag v. MacDougall, 454 U.S. 364, 365 (1982); Todaro v. Bowman, 872 F.2d 43, 44 n. 1 (3d Cir. 1989).

postpone and suspend the current case. Defendants then reasserted their motion to dismiss, and opposed the motion to stay. Plaintiff then filed a "rebuttal and expose" of Defendants' filing. On January 14, 2002, this Court denied Plaintiff's motion to stay. Further, the Court directed Plaintiff to file either a motion to file an amended complaint, or a brief in opposition to the motion to dismiss. The Plaintiff also was given the option of pursuing his request to remand the current case to Dauphin County.

On January 29, 2002, Plaintiff filed a brief in opposition to motion to dismiss and brief in support of motion to remand. The document fails to respond to the substantive legal arguments raised in Defendants' motion to dismiss, and fails to challenge any of the dispositive facts establishing this Court's jurisdiction. Instead, the document contains further explanation of Plaintiff's assertion that Defendants' attorney must be disqualified because she is representing all of the Defendants "irregardless of diversenesses [sic] among Defendants and Defendants' roles." Further, Plaintiff complains that: "Meyers and Fulton [two attorneys for Defendants] have provable ties and connections to identifiable entities and persons involved in the network which is civilly (and criminally) harming me and criminally promoting illegal immigrations." Even if this Court believed Plaintiff was asserting an actionable ethics violation, which this Court does not, such allegations do not excuse the Court Order to respond substantively to the motion to dismiss.

This Court has given Plaintiff ample opportunity to formulate an appropriate response to the motion to dismiss. The Court has even given the Plaintiff specific direction: "Plaintiff is instructed to respond to the particular factual and legal assertions of the Defendant's Motion to Dismiss, in a document clearly labeled "Brief in Opposition to Motion to Dismiss." 8/17/2001 Order. Because Plaintiff has continually failed to comply with the Orders of this Court, the Court will dismiss the complaint with prejudice. Fed. R. Civ. P. 41(b).

2

## ORDER

**AND NOW**, therefore, **IT IS ORDERED THAT** Plaintiff's Complaint is **DISMISSED** with prejudice. The Clerk of Court shall close the file.

                                                                                                 _____
Yvette Kane
United States District Judge

Dated: March 5, 2002.